## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MONTGOMERY CARL AKERS,** #02866-081, | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil No. 20-cv-00581-JPG** |
| vs. | ) ) | **Civil No. 20-cv-00592-JPG** **Civil No. 20-cv-00638-JPG** |
| **UNITED STATES,** | ) ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Montgomery Carl Akers, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed three Complaints in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois. In the first, Akers sues BOP employees for defamation and conspiracy. *Akers v. Conover*, Case No. 2020-L-54 (filed May 13, 2020) (Case No. 20-cv-581-JPG). In the second, he sues USP-Marion officials for the denial of dental care due to gender discrimination. *Akers v. True*, Case No. 2020-L-45 (filed April 14, 2020) (Case No. 20-cv-592-JPG). In the third, Akers claims a USP-Marion employee used food as punishment. *Akers v. Liss*, Case No. 2020-L-59 (filed May 21, 2020) (Case No. 20-cv-638-JPG). He seeks monetary relief.

Defendants removed all three cases to this Court pursuant to the federal statute commonly known as the "Westfall Act." The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act") grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(b)(1)). The Westfall Act amended the Federal Tort

1

Claims Act (FTCA) to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id*. at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id*. at 230 (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted in place of the employee as a defendant, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The action is then governed by the FTCA, 28 U.S.C. §§ 28 U.S.C. 1346, 2671-80. *Id*.

For actions commenced in state court, as here, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending" and renders the Attorney General's certification[1] "conclusiv[e] . . . for purposes of removal." *Id*. (citing § 2679(d)(2)). The three cases were properly removed to this federal judicial district and shall be recharacterized as cases against the United States pursuant to the FTCA.

The cases won't go far. Akers is well-known to this Court because he is subject to a filing restriction. *See Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir.) (citing *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)). After accumulating three "strikes" for filing civil actions that were dismissed as frivolous, malicious, or for failure to state a claim within the meaning of 28 U.S.C. § 1915(g) and failing to pay his filing fees, the Seventh Circuit imposed the following restriction:

> Unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. *See Newlin*, 123 F.3d at 436-37. **Accordingly, until Akers has paid in full all outstanding fees in the district court and in this court, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers.** *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be

---

[1] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant cases, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all defendants were acting with the scope of their employment at the time of the incidents out of which the claims arose.

>reexamined in two years under the approach in *Newlin*, 123 F.3d at 436-37, and *Support System Int'l Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).

*See Akers*, App. No. 11-3268 (7th Cir. April 24, 2012) (emphasis added). On September 13, 2012, this Court entered an Order prohibiting Plaintiff from further filings, consistent with the Seventh Circuit's Order, until he paid his outstanding fees of $805.00 owed in two prior cases:

> **Consistent with the order of the Court of Appeals for the Seventh Circuit, until Akers has paid in full all outstanding fees in the district court and in the appellate court, the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers**.

*See  Akers v. Roal*, Case No. 11-cv-00622-MJR (S.D. Ill.) (Doc. 38, p. 7) (emphasis added). To date, Akers has paid no portion of these fees. He still owes the full $805.00. The filing restriction remains in effect.

Removal by Defendants was nevertheless proper. Akers' filing restriction did not abrogate the absolute right of the defendants to remove the three actions from state to federal court. *See, e.g., In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1442).

However, Akers cannot dodge the filing restriction by filing an action in state court and waiting for the defendant(s) to remove it. This is certainly not the first time he has tried to circumvent the filing restriction. Following imposition of the restriction, Akers continued filing cases in different federal district courts. *See e.g., Akers v. Rivas*, No. 16-cv-1339-MJR (*See* Doc. 5, Dec. 15, 2016); *Akers v. Siereveld*, 17-cv-3340-KAW (*See* Doc. 11, Oct. 6, 2017). Akers soon learned that filing papers in federal courts familiar with his litigation history routinely resulted in a return of his papers unfiled, in accord with his filing restriction. When he met with this resistance, Akers simply turned to state court. *See Akers v. Conover*, Case No. 2020-L-54; *Akers*

*v. True*, Case No. 2020-L-45; *Akers v. Liss*, Case No. 2020-L-59.  His conduct is similar to other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and simply begin filing lawsuits in other federal judicial districts.  *See, e.g., Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to circumvent filing restriction and imposing additional monetary sanctions against litigant).  This Court does not tolerate such conduct.  Doing so would render the filing restriction meaningless.  These three cases represent yet another attempt by Akers to circumvent the filing restriction, avoid the Prison Litigation Reform Act's "three-strikes" bar to litigation, and dodge his filing fee obligations in federal court.  This Court will not allow him to proceed in this manner.  These cases shall be **ADMINISTRATIVELY CLOSED**.

## Disposition

**IT IS HEREBY ORDERED** that the Motions to Substitute the United States as Defendant (Doc. 5, Case No. 20-cv-581-JPG; Doc. 6, Case No. 20-cv-592-JPG; Doc. 6, Case No. 20-cv-638-JPG) are **GRANTED**.  The Clerk of Court is **DIRECTED** to **SUBSTITUTE** the **UNITED STATES** in place of Defendants in each case in CM/ECF, and **ALL PREVIOUSLY-NAMED DEFENDANTS** are **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to **RECHARACTERIZE** the three suits as being brought pursuant to the Federal Tort Claims Act.  *Osborn*, 549 U.S. at 230 (citing § 2679(d)(2)).

**IT IS ORDERED** that these three cases are **ADMINISTRATIVELY CLOSED**.  Any pending motions are **DISMISSED** as **MOOT**.

Akers is **REMINDED** that as long as the filing restriction imposed in *Akers*, Case No. 11-cv-622-MJR (Doc. 38) and *Akers*, App. No. 11-3689 (7th Cir. Order dated April 24, 2012) remain in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of

the restriction. To deter future similar misconduct, Akers stands **WARNED** that he shall be subject to increasingly harsh sanctions, including but not limited to monetary fines, for further attempts to avoid the filing ban.

    **IT IS SO ORDERED.**

    **DATED:  July 17, 2020**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**
